IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF THE STATE OF ALABAMA

DEBRA ANN TIDWELL,

Plaintiff,

V.

CHEVRON MINING, INC.,

Defendant.

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Debra Ann Tidwell (Tidwell) brings this action to enforce payment of additional compensation and interest imposed by law.

2. The additional compensation and interest arise from the untimely payment of benefits by Chevron Mining, Inc. (Chevron) awarded under the Black Lung Benefits Act.

3. Federal law imposes Defendant's liability for additional compensation. *See* Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f) (2000), *incorporated by reference into* Black Lung Benefits Act by 30 U.S.C. § 932(a) (2006); 20 C.F.R. § 725.607 (2009).

4. Federal law also imposes Defendant's liability for interest on the additional compensation and delayed payment of benefits. 30 U.S.C. § 932(d); 20 C.F.R. § 725.608.

## JURISDICTION AND VENUE

5. Plaintiff invokes this court's jurisdiction, as provided by 33 U.S.C. § 921(d), *incorporated by reference into* 30 U.S.C. § 932(a), allowing the Plaintiff to seek enforcement for non-payment under the Federal Black Lung Act in the Federal District where the injury occurred.

6. Plaintiff further invokes this court's jurisdiction under 28 U.S.C. § 1331 (2000) as a Federal question is being raised.

7. Venue is proper in this court under 28 U.S.C. § 1391(b)(2), (c) as actions giving rise to this litigation occurred in the Northern District of Alabama and the Plaintiff is a resident of the District.

## PARTIES

8. The Plaintiff, Debra Ann Tidwell, is a natural person currently residing at 725 County Road 52 Eldridge, Al in Fayette County.

9. The Defendant, Chevron, is a foreign corporation, the Plaintiff does not know if they are currently doing business within the state of Alabama. Previously, Chevron operated an underground coal mine in Fayette County, AL.

## FACTUAL ALLEGATIONS

10. The Director of the Office of Workers' Compensation Programs, United States Department of Labor (Director) administers the Federal Black Lung Benefits Act (Act).

11. Plaintiff's husband J.L. Tidwell worked as a coal miner for the Defendant.

12. Defendant employed J.L. Tidwell to work in its coal mines in Fayette County, Alabama.

13. J.L. Tidwell died on October 11, 2011.

14. Debra Tidwell filed a claim for survivor's benefits under the Act on March 1, 2012.

15. The Director made an initial finding on October 16, 2012, that Tidwell was not entitled to benefits. This determination was appealed by Tidwell for a hearing before the Office of Administrative Law Judges and subsequently denied by Judge Odegard on May 27, 2016.

16. On December 20, 2016, Tidwell filed a timely modification with the District Director. The District Director issued a denial of the modification on March 30, 2017. The claim was again appealed by Tidwell to the Office of Administrative Law Judges where benefits were awarded on August 24, 2018.

17. On September 24, 2018, Chevron Mining filed a timely appeal for review with the Benefits Review Board. On that same day, the District Director entered an Order directing that Chevron Mining make payments to Tidwell of $52,956.80 for accrued benefits and additional ongoing monthly payments of $660.10, within forty days of the Order[1]. The Order stated that a timely appeal would not stay payment of benefits. Chevron Mining made no effort to stay the Order and made none of the ordered payments.

18. On October 30, 2018 the Director initiated payment of interim monthly benefits by the Black Lung Disability Trust Fund (Trust Fund) beginning for October 2018 pursuant to 20 C.F.R. § 725.522.

19. On September 16, 2019, the decision of the Administrative Law Judge was affirmed by the Benefits Review Board. Chevron Mining did not appeal the decision from the Benefits Review Board.

---

[1] Survivor's benefits under the Act are payable starting the month of the death of the miner. 20 C.F.R. § 725.503(c).

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: Twenty percent additional compensation

20. Chevron failed to timely pay Debra Tidwell retroactive benefits before November 3, 2018, when they became due pursuant to the Order of the District Director dated September 24, 2018.

21. Chevron owes additional compensation to Tidwell equal to twenty percent of the delayed benefits, as provided by the Act and its implementing regulations.

22. 33 U.S.C. § 914(f), incorporated by reference into 30 U.S.C. § 932(a), sets forth the conditions that give rise to additional compensation:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

23. Twenty C.F.R. § 725.607 implements 33 U.S.C. § 914(f):

> (a) If any benefits payable under the terms of an award by a district director (§ 725.419(d)), a decision and order filed and served by an administrative law judge(§ 725.478), or a decision filed by the Board or a U.S. court of appeals, are not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, there shall be added to such unpaid benefits an amount equal to 20 percent thereof, which shall be paid to the claimant at the same time as, but in addition to, such benefits, unless review of the order making such award is sought as provided in section 21 of the LHWCA and an order staying payments has been issued.
>
> (b) If, on account of an operator's or other employer's failure to pay benefits as provided in paragraph (a) of this section, benefit payments are made by the fund, the eligible claimant shall nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a) of this section, with respect to all amounts paid by the fund on behalf of such operator or other employer.

24. Although Chevron appealed the ALJ's effective order requiring payment of benefits, it

4

never obtained an order staying payment of benefits.

25. The sum of the benefits that Chevron Mining failed to timely pay is $60,217.90.

26. Chevron Mining owes Tidwell additional compensation of $12,043.58, which is twenty percent of $60,217.90.

27. Tidwell also seeks additional interest on the unpaid compensation pursuant to 20 C.F.R. § 725.608(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

I. Assume jurisdiction of this case;

II. Award additional compensation of $12,043.58 and interest in the amount against Defendant Chevron for its failure to timely pay black lung benefits.

III. Award attorney's fees arising from this action, as provided by 20 C.F.R. §§ 725.366-367, and other costs as may appear just to this Court.

IV. Award such other relief as this Court deems appropriate.

Dated 12 of December, 2019

_____
John R. Jacobs
Counsel for Plaintiff Debra Tidwell

Of Counsel:
MAPLES, TUCKER & JACOBS, LLC
2001 Park Place North, Suite 501
Birmingham, AL 35203
205-322-2333
205-322-4962 (fax)
jack@mtandj.com

ATTENTION CLERK OF COURT:

Please serve the Defendant at the following address:

Chevron Mining, Inc.
c/o Prentice Hall Corporation System, Inc
641 South Lawrence St.
Montgomery, AL 36104